UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GWENN BROWN                                                    CIVIL ACTION

versus                                                         NO. 06-5756

TRINITY CATERING, INC., ET AL                                  SECTION: E/1

### RULING ON MOTION

Defendant Manson Gulf, LLC, ("Manson") filed a motion to strike witness and/or motion *in limine*. R.d. #38. The plaintiff, Gwenn Brown ("Brown") opposes the motion.

### ANALYSIS

Manson moves to strike plaintiff's vocational rehabilitation expert witness, Thomas Meunier, and prevent him from testifying at trial because a copy of his expert report was not timely provided to defendants pursuant to this Court's Scheduling Order, entered on March 3, 2007, at R.d. #12. A final pre-trial conference is set for December 20, 2007; a jury trial is set for January 8, 2008. The Court's Scheduling Order provides that Brown's expert reports must be delivered to the defendants by September 21, 2007, 90 days before the final pre-trial conference. Defendants' expert reports were due to be provided to plaintiff on October 21, 2007. Mr. Meunier was first identified when he was listed as Brown's vocational rehabilitation expert on Brown's Witness and Exhibit List, filed into the record on October 22, 2007. R.d. #32. Neither defendant listed a vocational rehabilitation expert on its

Witness List, both of which were filed into the record on November 22, 2007, at r.d. #s 31 and 33.

Deadlines may be extended by the Court upon a showing of "good cause." Brown argues that defendants had been "put on notice" that he intended to call a vocational rehabilitation expert because in March 2007, in his responses to defendants Interrogatories, Brown informed defendants that he "anticipates that he will employ" an economist and a vocational rehabilitation expert. Brown asserts that the late delivery of the expert's report will not prejudice defendants because trial is not until January 8, 2008; he provided Meunier's expert report to defendants on November 7th; defendants are scheduled to depose Meunier on November 15th; Brown submitted to an evaluation by defendants' vocational rehabilitation expert on November 19th; and defendants will have an opportunity to rebut Meunier's expert opinion.

Brown has not shown that his effort to comply with the rules was sufficiently diligent, nor that his reason for failure to comply was reasonable. Even though defendants may well have an "opportunity to rebut" Meunier's expert opinion, defendants are still at a tactical disadvantage by having to play "catch up," and because they were unaware that Brown had actually retained a vocational rehabilitation expert to testify at trial until November even if they had earlier been "put on notice" that he intended to employ one. A simple failure to comply with the requirements of

the Court's Scheduling Order does not constitute "good cause" that may excuse that failure.  *See, e.g.,* O'Meara v. New Orleans Legal Assistance Corporation, 1991 WL 110401 (E.D.La.).

The information gleaned from both vocational rehabilitation experts may well be useful in settlement negotiations, but Thomas Meunier will not be permitted to testify as Brown's vocational rehabilitation expert at trial.  Brown will not be disadvantaged because defendants have no vocational rehabilitation expert to testify at trial.

Accordingly;

**IT IS ORDERED** that Manson's motion to strike Thomas Meunier, Brown's vocational rehabilitation expert, from his Witness List is **GRANTED,** and Mr. Meunier will not be allowed to testify at trial.

New Orleans, Louisiana, this 21st day of November, 2007.

*[signature]*
**MARCEL LIVAUDAIS, JR.
Senior United States District Judge**